L. J. KLEMM, Administrator, Appellant, v. FRANCIS OLE PATTEN, Executor, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Administrator De Bonis Non. A devise of a life estate to a wife, with remainder over to the latter's children, necessarily exhausts the testator's interest in the property.

*Appeal from Warren District Court.*—LORIN N. HAYS, Judge.

OCTOBER 16, 1923.

THIS is a proceeding whereby the plaintiff, as administrator *de bonis non* of the estate of Theodore D. Patten, seeks to recover from the defendant, as executor of the estate of Louisa J. Patten, the certain notes and mortgages held by such defendant as the purported assets of the estate of Louisa. There was a judgment dismissing plaintiff's petition, and the plaintiff appeals.—*Affirmed.*

*J. O. Watson,* for appellant.

*Winans & Casady* and *F. P. Henderson,* for appellee.

EVANS, J.—The facts appearing in the record are quite meager. It appears therefrom that Theodore D. Patten died testate in 1891, leaving surviving him his widow, Louisa J. Patten, and three children: viz., Francis O. Patten, Oliver W. Patten, and Margaret Banning. By his will, he devised to his wife, Louisa J., a life estate in his realty, and the remainder to his children. This realty consisted of 120 acres of land. The widow was appointed executrix. She filed an election to take under the will. A 40-acre tract of the land was sold for the purpose of paying claims filed against the estate, and such proceeds were so applied. In September, 1892, the executrix made her final report, and was fully discharged. In 1911, a 40-acre tract of the realty was sold for $4,000, and was conveyed to the purchaser by the joint conveyance of the widow and the three children. The proceeds were all paid to the widow, and were always retained by her, with the acquiescence of the children. In 1915, the remainder of the realty was sold for a consideration of $1,777.50, and was jointly conveyed to the purchaser by the same parties. This purchase price was also paid to the widow, and was always retained by her, with the acquiescence of the children. In 1911, the widow purchased a tract of land comprising 114 acres, at a cost of $10,300. In order to negotiate such purchase, she made a partial payment out of the funds in her hands, and negotiated loans in her own behalf for the balance of the purchase price. In 1919, she sold such real estate for the sum of $18,600, for a large part of which she took back a purchase-money mortgage. She continued to hold such mortgage up to the time of her death, and the same is now listed as a part of the assets of her estate. The purported assets of her estate amount to about $14,000.

Under the allegations of the plaintiff's petition, all these assets are the property of the estate of Theodore D. Patten, and are subject to distribution as such by the administrator *de bonis non.*

The briefs have launched a discussion of the question whether, under the terms of the will of Theodore D. Patten, the

remainder devised to his children was a *vested* remainder, or was it a *contingent* one? The plaintiff contends that the remainder was a vested one; and the defendant contends to the contrary. We find little materiality in the discussion, in that the question is not at all decisive of the rights of the plaintiff herein. For such reason, we do not find it necessary to pass upon it at all. Taking the most favorable view for the plaintiff, and assuming the correctness of his contention that the remainder was vested, the inquiry at once arises: What right or interest had or has the plaintiff administrator in the assets held by Louisa J. Patten at the time of her death?

The petition alleges that these assets were the property of the estate of Theodore. But no facts are pleaded, nor do any appear in evidence, which disclose such an ownership, unless it must be said, as a matter of law, that the assets of the estate of Louisa were impressed with a trust in favor of the estate of Theodore, solely by reason of the fact that the assets acquired by Louisa from the estate of Theodore are traceable into the assets now held by her executor.

On the theory that the remainder devised was a vested one, then the full legal title passed to the children, subject only to the life estate of the widow. The respective estates thus devised to the widow and children became the absolute property of each. Nothing remained to the estate of Theodore. Each of these devisees had the absolute right to convey his interest or to withhold conveyance. In making such conveyance, each grantor had a right to exact his own terms as a condition thereto. The conveyance was actually made pursuant to some agreement, not only with the purchaser, but as between the grantors themselves. What such agreement was, is not disclosed in the record. If the plaintiff had obtained an earlier appointment as administrator *de bonis non* of the estate of Theodore, could he have interposed any objection to the willing conveyance of this realty by the devisees thereof; or could he have set up a claim to any part of the proceeds? Manifestly not. If he could not have done so then, what better right has he to do so now?

We hold, therefore, that the grantors in such conveyance had the full legal right to convey such property in fee simple by their joint conveyance; and that they necessarily had an

equal right to agree upon such disposal of the proceeds as com-
mended itself to them. The executor of the estate of Theodore
had no right or interest therein, and has none now.

In our foregoing discussion, we have ignored a part of the
background appearing in the record. We have done so only for
the purpose of making more clear the controlling legal proposi-
tion presented.

This background is that Margaret Banning, daughter of
Theodore, predeceased her mother, Louisa, in the year 1918,
leaving her husband, John C. Banning, surviving her, but leav-
ing no children. Banning, purporting to be a beneficiary of the
estate of Theodore, obtained the appointment of plaintiff as ad-
ministrator *de bonis non*. The implications of the record are
that he claims to take through his deceased wife a portion of her
interest in the estate of Theodore. The claim that the remainder
devised by the will of Theodore was a vested one is made in the
interest of Banning, as a purported distributee. The adminis-
trator, as such, has no interest whatever in such question. We
have no occasion to discuss the question of Banning's rights,
because they are not involved herein. As the surviving husband
of his wife, he had certain statutory rights in her estate. He
had no interest in the estate of Theodore, for the simple reason
that his wife had no interest in such estate after her conveyance
of the remainder devised to her.

For the reasons here indicated, the judgment of the trial
court is, accordingly, affirmed.—*Affirmed*.

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.